## COMPLAINT

DOCKET NO. CV-

ANTHONY W. ROGERS
    PLAINTIFF,

V.

ALEXANDER TOLNAY, JAMES BERNARDI,
DAVID I. COHEN, JOSEPH VALDES,
ARTHUR WEISGERBER, N. ALICEA,
ERNEST VITARBO, HARRY RILLING, AND
JOHN WALKLEY, all in THEIR individual
AND official CAPACITIES
    DEFENDANTS

## INTRODUCTION

On May 13, 2015 DEFENDANT Prosecutor James Bernardi testified in Plaintiffs Habeas Trial, At Rockville Superior Court in case number CV-12-4005012. On July 15, 2015 DEFENDANT Alexander Tolnay testified in Plaintiffs Habeas Trial, At Rockville Superior Court in case number CV-12-4005012.

On or About November 1, 2017 THE Connecticut Supreme Court Denied Certification For the Plaintiff to Appeal THE Habeas Judges Ruling in case number CV-12-4005012.

Plaintiff brings the Following Allegations in this §1983 Lawsuit based on the 2015 Testimony of defendant's Alexander Tolnay and James Bernardi, as well as an 2018 statement From Josh Huckabee, A key witness For defendant James Bernardi in the criminal case brought against the Plaintiff.

## Jurisdiction

This Court has jurisdiction pursuant to 42 U.S.C §1983, 42 U.S.C §1985, and §42 U.S.C 1986. Each defendant is or was an employee of this State, and acted under color of State law. Each defendant violated Plaintiff's constitutional right as a United States citizen. Each defendant is being sued in his individual capacity.

## Parties

The Plaintiff, Anthony Rogers was charged with Murder in 2006 and Found Guilty by a jury in 2008, then sentenced to 60 years for Murder. Plaintiff has maintained his innocence.

The defendant, Alexander Tolnay was a detective in the Norwalk Police Department in 2006.

The defendant, James Bernardi was a Prosecutor for the State of Connecticut in 2006-2008 in the Stamford Courthouse.

The defendant, David I. Cohen was the State's Attorney for the district of Stamford/Norwalk in 2006.

The defendant, Joseph Valdes worked along side James Bernardi in the 2008 Murder Trial against the Plaintiff, Joseph Valdes was a Prosecutor for the State of Connecticut in 2008.

The defendant, Arthur Weisgerber was a Sergeant in the Norwalk Police Department in 2006.

The defendant, N. Alicea was a Sergeant in the Norwalk Police Department in 2005-2006.

The defendant, Ernest Vitarbo was a Lieutenant in the Norwalk Police Department in 2005-2006.

The defendant, Harry Rilling was Chief of Norwalk Police in 2005-2006.

The defendant, John Walkley was a lawyer in 2006-2008 and worked for the State of Connecticut as a public Defender.

# STATEMENT OF CASE

1. THE defendant Alexander Tolnay, violated the Plaintiff's constitutional Right to due process of law under the First Amendment to the constitution of the United States, as incorporated through the Fourteenth Amendment, and Article First, sections 8, 10, and 20 of the Connecticut Constitution.

2. THE defendant Alexander Tolnay, was a detective for the Norwalk Police Department in 2006.

3. THE defendant Alexander Tolnay, failed to follow proper protocol when He had Josh Huckabee sign a Statement in 2006.

4. THE defendant Alexander Tolnay, fabricated and Typed a statement.

5. THE defendant Alexander Tolnay, threaten Josh Huckabee with a Murder charge.

6. THE defendant Alexander Tolnay, coerced Josh Huckabee into signing the statement He typed up. see (Ex. A)

7. THE defendant Alexander Tolnay, made sure Josh Huckabee got a deal from State and Federal Prosecutors for the signing of a Statement He (Alexander Tolnay) Fabricated and typed up.

8. THE defendant Alexander Tolnay, did not Audio or Video Tape Josh Huckabee's 2006 Statement, violating Police protocol (Ex. B)

9. THE defendant Alexander Tolnay, prepared the 2006 Affidavit for the Arrest of the Plaintiff (Ex. C)

10. THE defendant Alexander Tolnay, under oath knowingly presented false and coerced information in His Affidavit.

11. THE defendant Alexander Tolnay, was aware of a 911 call that indicated a known Felon as being the suspect in the murder the Plaintiff was charged for since 2005 (Ex. D)

12. THE defendant Alexander Tolnay, failed to investigate the 2005 911 call in a

timely manner. (Ex.E)

13. The defendant Alexander Tolnay, deliberately withheld evidence of the 911 call that named, described, and gave the address of a known felon as being the killer out of the affidavit he presented.

14. The defendant Alexander Tolnay, misled the Judge, James Bernardi, and Arthur Weisgerber by presenting a fabricated and incomplete affidavit.

15. The defendant Alexander Tolnay, misled the Judge, Jury, James Bernard Arthur Weisgerber by presenting a coerced signed statement from Josh Huckabee.

16. The defendant Alexander Tolnay, actions are the roots of the Plaintiff's illegal arrest, as a result the Plaintiff's conviction and imprisonment continues to be unlawful.

17. The defendant James Bernardi, violated the Plaintiff's constitutional right to due process of law under the First and Sixth Amendments to the Constitution of the United States as incorporated through the Fourteenth Amendment, and Article First, Sections 8, 10, and 20 of the Connecticut Constitution.

18. The defendant James Bernardi, applied for a warrant under oath for the arrest of the Plaintiff.

19. The defendant James Bernardi, prosecuted the Plaintiff in his criminal trial.

20. The defendant James Bernardi, was aware of a 911 call that named someone other than the Plaintiff as the suspect in the murder case, 1 year before the Plaintiff was charged for murder.

21. The defendant James Bernardi, failed to timely turn over evidence to the Plaintiff's trial counsel that would have been favorable to his defense, even though trial counsel requested that

the 911 call evidence be disclosed 11 months prior. see (Exhibit F)

22. The defendant James Bernardi, directly impaired the proper operations of the criminal justice system in the plaintiff's criminal trial by deliberately concealing the exculpatory contents of detective Alexander Tolnay's police report until four weeks before the start of the plaintiff's murder trial, see (Exhibit G and H) leaving very little time for trial counsel to investigate the exculpatory material.

23. The defendant James Bernardi, knew or should have known the affidavit prepared by Detective Alexander Tolnay contained false and coerced information.

24. The defendant James Bernardi, along with detective Alexander Tolnay met with Josh Huckabee more then once to discuss his testimony in the plaintiff's murder trial.

25. The defendant James Bernardi, knew or should have known his witness Josh Huckabee was coerced by detective Alexander Tolnay into signing a statement that was typed by detective Alexander Tolnay, in 2006 at the Norwalk Police Department.

26. The defendant James Bernardi, knew there was no audio tape or video tape of Josh Huckabee's statement.

27. The defendant James Bernardi, directly impaired the proper operations of the criminal justice system in the plaintiff's murder trial, by using coerced testimony to secure the plaintiff's conviction.

28. The defendant James Bernardi, knowingly used fabricated testimony to help convince the jury into finding the plaintiff guilty of murder in his 2008 murder trial.

29. The defendant James Bernardi vouched for Josh Huckabee to

Recieve a lesser jail sentence in Federal Prison in exchange for his testimony in the Plaintiff's murder trial.

30. The defendant James Bernardi, did not bring any charges against Josh Huckabee in State court in exchange for his signing of detective Alexander Tolnay's fabricated typed stateme and for his testimony in Plaintiff's murder trial.

31. The defendant James Bernardi, misled the Judge make the Plaintiff arrest illegal and unlawful.

32. The defendant James Bernardi, misled the jury. As a result the Plaintiff's conviction and imprisonment continues to be unfair and unlawful.

33. The defendant James Bernardi, violated Connecticut General Statute section 54-86c. see (EX.I)

34. The defendant David I. Cohen, violated the Plaintiff's constitutional Right to due process of law under the First and Sixth Amendments of the United States as incorporated through the Fourteenth Amendment, and Article First, sections 8, 10, and 20 of the Connecticut Constitution.

35. The defendant David I. Cohen, was the States Attorney for the district of Stamford/Norwalk in 2006.

36. The defendant David I. Cohen, knew or should have known state's witness Josh Huckabee was threaten into signing a statement typed by Alexander Tolnay in 2006.

37. The defendant David I. Cohen, knew or should have known fabricated and coerced information was used in the Plaintiff's arrest warrant.

38. The defendant David I. Cohen, knew James Bernardi had made a deal with Josh Huckabee in exchange for his signing of a typed statement as well as his testimony in Plaintiff's murder trial.

39. The defendant DAVID I. COHEN, knew there was no state charges pending against Josh Huckabee because of his cooperation agreement with James Bernardi.

40. The defendant DAVID I. COHEN, knew or should have known coerce testimony was used to secure the Plaintiff's murder conviction.

41. The defendant DAVID I. COHEN, knew or should of known James Bernardi and Joseph Valdes were violating Connecticut General Statue Section 54-86c. see (Ex. I)

42. The defendant DAVID I. COHEN, under oath allowed the illegal arrest of the Plaintiff.

43. The defendant DAVID I. COHEN, aided the actions of Harry Rilling, Arthur Weisgerber, Alexander Tolnay, N. Alicea, Ernest Vitarbo, and James Bernardi.

44. The defendant DAVID I. COHEN, aided James Bernardi and Joseph Valdes. As a result the Plaintiff's conviction and imprisonment continues to be unfair and unlawful.

45. The defendant Joseph Valdes, violated the Plaintiff's constitutional Right to due process of law under the First and Sixth Amendments to the constitution of the United States as incorporated through the Fourteenth Amendment, and Article First, sections 8, 10, and 20 of the Connecticut Constitution.

46. The defendant Joseph Valdes, assisted James Bernardi in the prosecution of the Plaintiff in his criminal trial.

47. The defendant Joseph Valdes, knew Josh Huckabee had a deal with James Bernardi, which consisted of lesser Federal jail time and no state charges in exchange for his signing of a typed statement done by Alexander Tolnay and his testimony at Plaintiff's Murder Trial.

48. THE defendant Joseph Valdes, Knew or should of Known Josh Huckabee was Threaten by Alexander Tolnay into signing the typed statement in 2006 at the Norwalk Police Department.

49. The defendant Joseph Valdes, Knew or should HAVE KNOWN fabricated and coerced testimony was used to secure the Plaintiff's conviction.

50. The defendant Joseph Valdes, Knew Detective Alexander Tolnay did not Follow proper police protocol when He Failed to Audio or Video Tape Josh Huckabee statement.

51. THE defendant Joseph Valdes, Knew of the 911 call evidence that was Requested by Plaintiff's Trial Counsel. see (EX. F)

52. The defendant Joseph Valdes, concealed the exculpatory content of the 911 call Report done by detective Alexander Tolnay until Four weeks before the start of the Plaintiff's Murder Trial.

53. THE defendant Joseph Valdes, violated Connecticut General Statue section 54-86c. see (EX. I)

54. THE defendant Joseph Valdes, misled the Jury and aided James Bernardi in his Actions. As a Result the Plaintiff's conviction and imprisonment continues to be wrongful and unlawful.

55. THE defendant Arthur Weisgerber violated THE Plaintiff's Constitutional Right to due process of Law under the First Amendment to the constitution of the United States as incorporated through the Fourteenth Amendment and Article First, sections 8, 10, and 20 of the Connecticut Constitution.

56. The defendant Arthur Weisgerber, was a sergeant for the Norwalk Police Department in 2006.

57. The defendant Arthur Weisgerber, was in charge of the murder case the plaintiff was charged for. See (Ex. J)

58. The defendant Arthur Weisgerber, appointed Alexander Tolnay as lead detective in the murder case against the plaintiff.

59. The defendant Arthur Weisgerber, knew Josh Huckabee statement was typed by Alexander Tolnay.

60. The defendant Arthur Weisgerber, knew Alexander Tolnay did not use proper police protocol when he failed to audio or video tape Josh Huckabee statement.

61. The defendant Arthur Weisgerber, knew or should of known Alexander Tolnay threaten Josh Huckabee with a murder charge if he did not sign the typed statement he (Alexander Tolnay) had prepared.

62. The defendant Arthur Weisgerber, knew about the 2005, 911 call that indicated a known felon as the killer of the victim in the murder case he was in charge of.

63. The defendant Arthur Weisgerber, failed to make Alexander Tolnay or any other Norwalk police officer investigate the 2005, 911 call evidence in a timely manner.

64. The defendant Arthur Weisgerber, knew the affidavit he signed under oath contained false, fabricated, and incomplete information, as a result the plaintiff's arrest was illegal.

65. The defendant Arthur Weisgerber, knew Alexander Tolnay did not include the facts of the 2005, 911 call in his affidavit

66. The defendant Arthur Weisgerber, failed to notify Alexander Tolnay

about the proper procedure when preparing an affidavit.

67. The defendant Arthur Weisgerber, knew or should have known coerced testimony was used to secure the Plaintiff's conviction.

68. The defendant Arthur Weisgerber, allowed the fabricate and incomplete affidavit to be presented to a judge.

69. The defendant Arthur Weisgerber, knowingly aided in the actions of Alexander Tolnay, James Bernardi, and Joseph Valdes. As a result the Plaintiff's conviction and imprisonment continues to be wrongful and unlawful.

70. The defendant N. Alicea, violated the Plaintiff's constitutional right to due process of law under the First Amendment to the constitution of the United States as incorporated through the Fourteenth Amendment, and Article First, sections 8, 10, and 20 of the Connecticut Constitution.

71. The defendant N. Alicea, was a sergeant for the Norwalk Police Department in 2005-2006.

72. The defendant N. Alicea, knew of the 911 call since 2005 that named, decribed, and gave the address of a known felon as being the killer in the murder case the Plaintiff was charged for in 2006. see (Exhibit K)

73. The defendant N. Alicea, failed to notify Arthur Weisgerber or Alexander Tolnay that the proper procedure was not being followed when Alexander Tolnay did not include the fact that a 911 call named someone other than the Plaintiff as the killer was being left out of their affidavit.

74. The defendant N. Alicea, knowingly aided in the fabricated, false and incomplete affidavit presented by Alexander Tolnay

and Arthur Weisgerber, as a result the Plaintiff's conviction and imprisonment continues to be unfair and unlawful.

75. The defendant Ernest Vitarbo, violated the Plaintiff's constitutional right to due process of law under the First Amendment to the constitution of the United States as incorporated through the Fourteenth Amendment and Article First, section 8,10, and 20 of the Connecticut Constitution.

76. The defendant Ernest Vitarbo, was a Lieutenant for the Norwalk Police Department in 2005-2006.

77. The Defendant Ernest Vitarbo, knew about the 2005, 911 call that named, described, and gave the address of a known felon as being the killer in the Murder case the Plaintiff was charged for in 2006. see (Ex. H)

78. The defendant Ernest Vitarbo, failed to notify Arthur Weisgerber or Alexander Tolnay that the proper procedure was not being followed when Alexander Tolnay did not include the facts of the 911 call in their affidavit.

79. The defendant Ernest Vitarbo, knowingly aided in the false, fabricated, and incomplete affidavit presented by Alexander Tolnay and Arthur Weisgerber, as a result the Plaintiff's conviction and imprisonment continues to be wrongful and unlawful.

80. The defendant Harry Rilling, violated the Plaintiff's constitutional right to due process of law under the First Amendment to the Constitution of the United States as incorporated through the Fourteenth Amendment, Article First, section 8,10, and 20 of the Connecticut Constitution.

81. The defendant Harry Rilling, is now Mayor of Norwalk, but in 2005-2006 he was the Chief of the Norwalk Police Department.

82. The defendant Harry Rilling, knew or should of known Alexander Tolnay coerced Josh Huckabee into signing a statement, that he (Alexander Tolnay) had typed.

83. The defendant Harry Rilling, knew Alexander Tolnay did not follow police protocol when he failed to audio or video tape Josh Huckabee's 2006 statement.

84. The defendant Harry Rilling, knew or should have known about the 2005, 911 call that indicated a known felon as being the killer of the victim in the murder case the plaintiff was charged for.

85. The defendant Harry Rilling, knew or should of known Alexander Tolnay ~~failed~~ along with Arthur Weisgerber failed to investigate the 2005, 911 call that named, described, and gave the address of a known felon in a timely manner.

86. The defendant Harry Rilling, knew or should have known Alexander Tolnay's affidavit contained false, and coerced information.

87. The defendant ~~Alexander Tolnay~~, Harry Rilling, knew or should of known Alexander Tolnay deliberately withheld the exculpatory material of the 2005, 911 call out of his and Arthur Weisgerber's affidavit.

88. The defendant Harry Rilling, was in charge of all Norwalk police officers, detective's, lieutenant's, sergeant's, and captin's as chief. Harry Rilling is respondsible for the corrupt actions of Arthur Weisgerber, Alexander Tolnay, N. Alicea, and Ernest Vitarbo.

89. The defendant Harry Rilling, aided James Bernardi, Joseph Valdes, and David I. Cohen. Harry Rilling allowed the illegal arrest of the plaintiff. As a result his imprisonment continues to be unlawful.

90. The defendant John Walkley, was a Lawyer in 2006 and represented the Plaintiff as a "Special Public Defender" in his Murder Trial.

91. The defendant John Walkley, violated the Plaintiff's constitutional right to due process of law under the First and Sixth Amendments to the Constitution of the United States as incorporated through the Fourteenth Amendment, and Article First section 8, 10, and 20 of the Connecticut Constitution.

92. The defendant John Walkley, testified at a Habeas Trial for the Plaintiff on July 15, 2015. That he was aware of a 911 call that indicated another person as the killer in the murder case the plaintiff was charged for.

93. The defendant John Walkley, testified that he requested the 911 call from James Bernardi. see (Ex. F and G)

94. The defendant John Walkley, failed to investigate the 911 call recordings, as well as the 911 call report done by Alexander Tolnay he received from James Bernardi on December 11, 2007.

95. The defendant John Walkley, failed to ask for a continuance after the late disclosure of the contents of the 911 call. see (Ex. G and M).

96. The defendant John Walkley, failed to ask for a mistrial or dismissal when James Bernardi and Joseph Valdes violated Connecticut General Statue 54-86c. see (Ex. I and M).

97. The defendant John Walkley, failed to present a third-party culpability defense, for the Plaintiff in his Murder Trial. see (Ex. M)

98. The defendant John Walkley, did not question Alexander Tolnay about his investigation into the 911 call as described in his February 12, 2007 police report.

99. THE Defendant John Walkley, Did not Question Alexander Tolnay About His encounter with The Person Named As the Killer of The Victim the Plaintiff Was Accused of Killing.

100. THE Defendant John Walkley, did not Attempt to introduce The 911call Recording or Alexander Tolnay's February 12, 2007 Report Regarding the 911call that Named, Described, and gave the address of A Known Felon As being the Killer in the Murder case the Plaintiff Was charged For. see (EX.N)

101. THE defendant John Walkley, Knowingly Aided James Bernardi, Joseph Valdes, and David I. Cohen in their corrupt, illegal, and unfair Prosecution of the Plaintiff, in his Murder Trial.

102. THE Defendant John Walkley, Knew by not presenting the 911call Recording or the 911call Report to the Jury About A Known Felon being Named As the Killer of the victim the Plaintiff Was Accused of Killing, He (John Walkley) was only conspiring with the Prosecution to secure A Guilty Verdict in the Murder Trial of the Plaintiff.

103. THE Defendant John Walkley, Failures Led to the Plaintiff's Conviction. As A Result the Plaintiff's imprisonment continues To be unfair and unlawful.

Request For Relief

1. Compensatory damages from each defendant, joint and several in the amount of $3 million dollars.

2. Punitive damages from each defendant, ~~1 million~~ in the amount of $9 million dollars, $1 million each defendant.

3. Exemplary (punitive) damages from each defendant, in the total amount of $5 million dollars.

4. Trial by jury.

5. Whatever else the court deems just and equitable.

Respectfully Submitted By;
Plaintiff, Anthony Rogers, pro se

## CASE LAW

West v. Atkins, 487 U.S. 42, 50, 108 S.Ct. 2250 (1988) "The Traditional definition of Acting under color of STATE LAW Requires that the Defendant... Exercised Power Possessed by virtue of STATE LAW and Made possible only because the wrongdoer is clothed with the Authority of STATE LAW."

Monroe v. Pape, 365 U.S. At 172-87 (City Police Acted under color of Law)

Cruz v. Kauai County, 279 F.3d 1064, 1067-68 (9th cir. 2002) Prosecutor was not immune for Swearing To Alleged Facts in Support of Ex parte bail Revocation Motion; "He stepped outside of His Prosecutorial Role, And into the Role of Witness, when He Personally Attested To The Truth of Facts in the Affidavit."

Toussie v. Powell, 323 F.3d 178, 183 (2nd cir. 2003) Private Parties sued For conspiring with government officials To violate Federal Right.

If you need more space, attach additional pages, but be as brief as possible.

F.  REQUEST FOR RELIEF

Tell the court what kind of relief you want. Remember: (1) You can only get money damages for mental or emotional injury if you were also physically injured; (2) Money damages may be reduced to pay restitution to victims of your crime and fees for a court-appointed attorney, if you had one; (3) You cannot use a Section 1983 or *Bivens* action to request release from custody, a reduction in your sentence, or a restoration of good time credits. For any of these, you must pursue a Writ of Habeas Corpus.

_____

_____

_____

G.  Do you wish to have a jury trial? Yes ✓   No ____

H.  DECLARATION UNDER PENALTY OF PERJURY

Warning: You must sign this or your complaint will not be filed.

By signing this complaint, I certify under penalty of perjury that the information contained in this complaint is true and accurate to the best of my knowledge. I understand that if I lie in this complaint, I may be prosecuted for perjury, and punished with as much as five (5) years in prison and/or a fine of $250,000. See 18 U.S.C. Sections 1621, 3571.

Signature: *[signature]*

Signed at GARNER C.I. Newtown, CT on JUNE 18, 2018
         (Location)                      (Date)

If there are additional plaintiffs, attach another page with the name and signature of each plaintiff on it. The complaint cannot be filed without a signature from each plaintiff.

Rev. 10-5-15