UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ANTHONY W. ROGERS,
    Plaintiff,

v.                            Case No. 3:18cv1687(AWT)

ALEXANDER TOLNAY, ET AL.
    Defendants.

## INITIAL REVIEW ORDER

On October 11, 2018, the plaintiff, Anthony W. Rogers, an inmate currently housed at the Garner Correctional Institution in Newtown, Connecticut, filed a complaint pro se pursuant to 42 U.S.C. § 1983 against five Norwalk Police Department ("NPD") officials (Detective Alexander Tolnay, Sergeant Arthur Weisgerber, Sergeant N. Alicea, Lieutenant Ernest Vitarbo, and Chief Harry Rilling), three state prosecutors (James Bernardi, David I. Cohen, and Joseph Valdes), and one state public defender (John Walkley). Compl. [Doc.#1]. The plaintiff claims that the defendants violated his rights under the United States Constitution and Connecticut Constitution by fabricating evidence, failing to disclose exculpatory evidence, failing to present exculpatory evidence, and/or failing to otherwise follow proper police protocol during the investigation and prosecution of his state criminal case. He seeks damages

against the defendants in their individual and official capacities. On October 15, 2018, Magistrate Judge William I. Garfinkel granted the plaintiff's motion to proceed in forma pauperis. See Order No. 7. For the following reason, the complaint is being dismissed with prejudice.

I. **Legal Standard**

Pursuant to 28 U.S.C. § 1915A, the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. Bell Atlantic v. Twombly, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic, 550 U.S. at 570. Nevertheless, it is well-established that "[p]ro se complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" Sykes v. Bank of America, 723 F.3d 399, 403 (2d Cir. 2013)

(quoting Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006)).

## II. Analysis

The plaintiff was convicted in 2006 of murder, conspiracy to commit murder, attempt to commit assault in the first degree, and carrying a pistol without a permit, in violation of Connecticut General Statutes §§ 53a-54a, 53a-48, 53a-49, 53a-59, and 29-35. See State v. Rogers, 123 Conn. App. 848, 3 A.3d 194, cert. denied, 299 Conn. 906, 10 A.3d 524 (2010). Thereafter he filed a petition for writ of habeas corpus in state court in which he raised due process and right to counsel claims based on the state's withholding of third-party culpability evidence. See Rogers v. Commissioner of Correction, 174 Conn. App. 120, 165 A.3d 264, cert. denied, 327 Conn. 929, 171 A.3d 455 (2017). The petition was denied, and the state appellate courts affirmed the habeas court's decision. Id.

In the instant case, the plaintiff claims violations of his right to due process and the effective assistance of counsel under the United States Constitution and Connecticut Constitution based on the failure of the NPD to follow proper investigative protocol. Specifically, he claims that the NPD defendants (Tolnay, Weisgerber, Alicea, Vitarbo, and Rilling) threatened a state witness into

signing a statement that implicated him in the murder for which he was convicted and failed to investigate a 911 call that implicated another suspect in the murder. See Compl. at 3-4, 8-12. He claims that the state prosecutors (Bernardi Cohen, and Valdes) failed to disclose such exculpatory evidence before his criminal trial, and that his public defender, John Walkley, failed to conduct an adequate investigation into his defense. These claims appear to be the same claims the plaintiff raised in his state habeas petition.

In Heck v. Humphrey, 512 U.S. 477, 487 (1994), the United States Supreme Court held that where a judgment in favor of a plaintiff would necessarily implicate the validity of his conviction or the length of his sentence, a cause of action under § 1983 is not cognizable unless the plaintiff can show that his underlying "conviction or sentence had been reversed on direct appeal, declared invalid by a state tribunal authorized to make such a determination, or called into question by the issuance of a federal writ of habeas corpus." See also Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) (state prisoner's § 1983 action is barred no matter what relief is sought and no matter the target of prisoner's suit, if success in action

would necessarily demonstrate invalidity of conviction or duration of sentence).

Here, the plaintiff claims that the defendants' failure to investigate and disclose exculpatory evidence violated his rights to due process and a fair trial. He is essentially raising a claim under Brady v. Maryland, 373 U.S. 83 (1963), which held that the prosecution's suppression of material evidence favorable to the defense violates due process. Regardless of whether these claims are the same claims the plaintiff previously raised in his state habeas petition, he cannot prevail on any of them because his state convictions remain valid and have not been reversed, invalidated, or called into question by a federal writ of habeas corpus. See Poventud v. City of New York, 750 F.3d 121, 148 (2d Cir. 2014) (affirming district court's ruling that Heck barred § 1983 action alleging Brady violations); Bailey v. City of New York, 79 F. Supp. 3d 424, 445 (E.D.N.Y. 2015) (dismissing right to fair trial claim which impugns validity of state conviction). Because all of the plaintiff's claims implicate the validity of his conviction, his complaint under § 1983 must be dismissed.

**ORDER**

The case is being dismissed under the principle set forth in Heck v. Humphrey, 512 U.S. 477. Because any further attempt to amend the complaint would be futile in light of that precedent, the complaint is hereby **dismissed with prejudice**. The Clerk is directed to enter judgment in favor of the defendants and close this case.

It is so ordered.

Dated this 30th day of October, 2018, at Hartford, Connecticut.

/s/ Alvin W. Thompson
Alvin W. Thompson
United States District Judge