```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF CONNECTICUT
```

ANTHONY W. ROGERS,              :
    Plaintiff,              :
                            :
    v.                      :     Case No. 3:18cv1687(AWT)
                            :
ALEXANDER TOLNAY, ET AL.        :
    Defendants.             :

## RULING ON MOTION FOR RECONSIDERATION [Doc.#10]

On October 11, 2018, the plaintiff, Anthony W. Rogers, an inmate currently housed at the Garner Correctional Institution in Newtown, Connecticut, filed a complaint pro se pursuant to 42 U.S.C. § 1983 seeking damages against five Norwalk Police Department ("NPD") officials (Detective Alexander Tolnay, Sergeant Arthur Weisgerber, Sergeant N. Alicea, Lieutenant Ernest Vitarbo, and Chief Harry Rilling), three state prosecutors (James Bernardi, David I. Cohen, and Joseph Valdes), and one state public defender (John Walkley).  Compl. [Doc.#1].  The plaintiff claimed that the defendants violated his rights under the United States Constitution and Connecticut Constitution by fabricating evidence, failing to disclose and/or present exculpatory evidence, and failing to otherwise follow proper police protocol during the investigation and prosecution of his state criminal case.  Id.

The court dismissed the complaint on October 30, 2018 after concluding that the plaintiff's claims were barred by Heck v. Humphrey, 512 U.S. 477 (1994). See Initial Review Order [Doc.#8]. Under Heck, where a judgment in favor of a plaintiff would necessarily implicate the validity of his conviction or length of sentence, a cause of action under § 1983 is not cognizable unless the plaintiff can show that his underlying "conviction or sentence had been reversed on direct appeal, declared invalid by a state tribunal authorized to make such a determination, or called into question by the issuance of a federal writ of habeas corpus." Heck, 512 U.S. at 487. It appeared that the plaintiff previously raised his § 1983 claims in a state habeas corpus petition, which was denied, and the denial was upheld on appeal. See Initial Review Order at 3 (citing Rogers v. Commissioner of Correction, 174 Conn. App. 120, 165 A.3d 264, cert. denied, 327 Conn. 929, 171 A.3d 455 (2017)). Because the plaintiff did not show that his criminal convictions had been reversed, invalidated, or called into question by federal writ of habeas corpus, the court ruled that it lacked jurisdiction over his claims.

On November 14, 2018, the plaintiff filed the instant motion for reconsideration of the court's Initial Review Order. He contends that Heck does not bar his claims for

2

unlawful arrest and due process because (1) he has already served his sentence for two of his convictions and (2) the claims do not implicate his murder conviction, the sentence for which he is still serving. Id. at 2-3. The court does not agree.

A motion for reconsideration "generally will be denied unless the moving party can point to controlling decisions or data that the court overlooked—-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). "[T]he function of a motion for reconsideration is to present the court with an opportunity to correct 'manifest errors of law or fact to consider newly discovered evidence.'" LoSacco v. City of Middletown, 822 F. Supp. 870, 876-77 (D. Conn. 1993) (quoting Rothwell Cotton Co. v. Rosenthal & Co., 827 F.2d 246, 251 (7th Cir. 1987), aff'd, 33 F.3d 50 (2d Cir. 1994)). "[A] motion for reconsideration may not be used to plug gaps in an original argument or to argue in the alternative once a decision has been made." Horsehead Resource Dev. Co., Inc. v. B.U.S. Envtl. Serv., Inc., 928 F. Supp. 287, 289 (S.D.N.Y. 1996) (internal citations and quotations omitted).

The plaintiff has not cited any precedent, and the court is not aware of any, supporting the position that Heck does not bar § 1983 claims challenging a criminal conviction once the litigant has finished serving his sentence for that conviction. Even if the plaintiff has finished serving his sentence for two of his convictions, a ruling in his favor would nevertheless impugn the validity of those convictions because his claims pertain to the state's investigation and his criminal trial. See Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) (state prisoner's § 1983 action is barred no matter what relief sought, no matter the target of prisoner's suit, if success in action would necessarily demonstrate invalidity of conviction or duration); see also Marshall v. U.S. Postal Inspection Service, No. 3:08-CV-1889 (JCH), 2016 WL 10571889, at *5 (D. Conn. Nov. 7, 2016) ("[w]rongful arrest or prosecution, if proven, would invalidate any conviction resulting from that arrest or prosecution"). Indeed, to prevail on a claim of unlawful arrest, a plaintiff must show that the prosecution against him terminated in his favor. See McKay v. East Hartford Police Department, No. 3:16-CV-01954 (JAM), 2017 WL 4247383, at *3 (D. Conn. Sep. 25, 2017). Thus, the fact that the plaintiff already finished serving his sentence on two of the convictions

implicated by his claims does not exempt his claim from the holding in Heck.

The plaintiff's argument that his claims only implicate his "murder trial" and not his "murder conviction" lacks merit. His claims that the defendants fabricated evidence, failed to disclose and/or present exculpatory evidence, and failed to conduct a proper investigation directly implicate the investigation, trial and verdict in his criminal case. The injury for which the plaintiff seeks redress is the convictions that were a result of the defendants' alleged actions before and during his trial. A ruling in his favor on any of these claims would necessarily call into question the validity of those convictions.

Finally, Allen v. McCurry, 449 U.S. 90 (1980) and Haring v. Prosise, 462 U.S. 306 (1983), cases upon which the plaintiff relies, were decided before Heck and do not support his position. In Allen, 449 U.S. at 104-05, the Supreme Court reversed a decision that the plaintiff's inability to obtain federal habeas corpus relief on his Fourth Amendment claims rendered the collateral estoppel doctrine inapplicable. The Court held that federal courts must afford deference to state court judgments deciding issues of federal rights notwithstanding the enactment of §

5

1983.  In Haring, 462 U.S. at 316-17, the Supreme Court
held that collateral estoppel would not bar a § 1983 claim
regarding an unconstitutional search, which was not decided
in the plaintiff's state criminal proceedings.  While it is
true that Heck does not necessarily bar Fourth Amendment
claims for unlawful searches, see McKitchen v. Brown, 481
F.3d 89, 102 (2d Cir. 2007), there is no claim for an
unlawful search stated in this plaintiff's complaint, nor
are there any factual allegations to support such a claim.

### ORDER

Based on the foregoing, the plaintiff has not shown
that there are controlling decisions or data that the court
overlooked that might reasonably be expected to alter the
court's decision to dismiss the complaint.  The plaintiff's
§ 1983 claims are barred by Heck and the case remains
dismissed.  The motion for reconsideration [Doc.#10] is
**DENIED**.

It is so ordered.

Signed this 5th day of December 2018 at Hartford,
Connecticut.

                          /s/AWT
                    Alvin W. Thompson
            United States District Judge